■ BRAHNA YASSKY, Respondent-Appellant, v RAYTHEON Co. et al., Appellants-Respondents, et al., Defendant. — Order, Supreme Court, New York County (Helen Freedman, J.), entered November 23, 1984, which granted plaintiff's motion to impose sanctions upon defendants-appellants for failure to comply with a notice of discovery and inspection as modified by a prior order of the Supreme Court, New York County (Helen Freedman, J.), entered July 17, 1984, and which granted defendants-appellants' cross motion for reargument and renewal of said prior order, to the extent of striking certain items from plaintiff's notice of discovery and inspection and directing defendants-appellants to comply with those demands not stricken, unanimously modified, on the law and on the facts, to reinstate item No. 1 of the notice of discovery and inspection and direct defendants-appellants to comply therewith within 90 days of the date of this court's order, and otherwise affirmed, without costs.

Plaintiff suffered burns over 65% of her body as a result of an accident involving her use of a stove, and she has brought the underlying action alleging three causes of action in products liability against, *inter alia,* the manufacturers and designers of the stove, the defendants-appellants herein. Plaintiff's notice of discovery and inspection at issue, dated June 1, 1984, seeks *information* concerning various aspects of the gas ranges manufactured by the defendants-appellants. Item No. 1 seeks data regarding the pilotless ignition control devices incorporated in these gas ranges; item No. 4 seeks similar data regarding the

burner control knobs utilized in the ranges. Special Term struck item No. 1 on the sole ground that it was the "same as [No.] 4". Plainly, these items are not congruent, and it was error to disallow item No. 1 on this basis. Data regarding the pilotless ignition control system are certainly "material and necessary" in the prosecution of this products liability action and should be subject to discovery.

We have reviewed the other points raised by all parties on this appeal and cross appeal and find them without merit. Concur — Kupferman, J. P., Sullivan, Asch, Bloom and Ellerin, JJ.